UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK L. WILLIAMS,

                        Petitioner,

        -vs-                                    **No. 07-CV-6046(CJS)(VEB)**
                                                **REPORT AND RECOMMENDATION**

JAMES T. CONWAY, Superintendent,

                        Respondent.

_____

I.      **Background**

        *Pro se* petitioner Mark L. Williams ("Williams") currently has a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 pending in this Court. Williams challenges his

conviction on November 4, 2002, on charges of first degree robbery and third degree criminal

possession of a weapon. He is presently serving concurrent sentences for these convictions, the

longest of which is a determinate term of 25 years.

        Williams filed his petition on January 9, 2007.[1] *See* Docket No. 1. Respondent answered

the petition, arguing that it was untimely under the statute of limitations, *see* 28 U.S.C. §

2244(d)(1). Respondent argued in the alternative that none of Williams' claims warranted federal

habeas relief. *See* Respondent's Memorandum of Law ("Resp't Mem.") at 3-4 (Docket No. 8-1).

Williams filed a reply memorandum of law, disputing respondent's assertion of untimeliness and

further arguing the merits of his claims. *See* Petitioner's Reply Brief ("Pet'r Reply") at 2-3

---

        [1]      By operation of the "prison mailbox rule," Williams' petition is deemed to have been filed on the
date that he signed it. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining that the "prison mailbox rule"
applies to *pro se* incarcerated petitioners and provides that a pleading is deemed filed on the day the petitioner hands
it over to prison officials for mailing).

(Docket No. 12).

Currently pending before the Court is Williams' request for an order staying his habeas petition and holding it in abeyance. Williams seeks to return to state court to raise a Sixth Amendment confrontation clause issue under the Supreme Court's ruling in *Crawford v. Washington*, 541 U.S. 36 (2004), with regard to the admission of a tape-recording and transcript of a 911 call made during the robbery. *See* Docket No. 14. Respondent has opposed the motion for a stay, arguing that Williams has not fulfilled the criteria set forth in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), for invoking the stay and abeyance procedure. *See* Docket No. 16.

Following review of the pleadings submitted by both parties to date, the Court recommends, for the reasons that follow, that the petition be dismissed as untimely. Because the Court recommends dismissal of the petition as untimely, it accordingly recommends dismissal of petitioner's motion for a stay as moot.

## II.   Discussion

### A.   The petition was filed more than one year after the statute of limitations set forth 28 U.S.C. § 2244(d)(1) expired.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214,  created a new one-year statute of limitations applicable to the filing of applications for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). In most cases, including this one, AEDPA's one-year limitations period  runs from the date on which the petitioner's state criminal judgment becomes final. *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998) (citing 28 U.S.C. § 2244(d)(1)(A)); accord *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000).  A conviction is considered "final" "once 'the judgment of conviction [has been] rendered, the availability of

appeal exhausted, and the time for petition for *certiorari . . .* elapsed.'" *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (quoting *Teague v. Lane*, 489 U.S. 288, 295 (1989) (citation and internal quotation marks omitted in original), citing *Clay v. United States*, 537 U.S. 522 (noting the "long-recognized, clear meaning" of "finality" in the post-conviction relief context as the time when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari*, or when the time for filing a certiorari petition expires")).

Williams was sentenced on November 4, 2002. Through appellate counsel, he directly appealed his conviction to the Appellate Division, Fourth Department, of New York State Supreme Court, which unanimously affirmed it on June 14, 2004. The New York Court of Appeals denied leave to appeal on August 6, 2004. *People v. Williams*, 8 A.D.3d 963 (App. Div. 4th Dept.), *leave denied*, 3 N.Y.3d 683 (N.Y. 2004). Williams filed a petition for a writ of *certiorari* from the United States Supreme Court; this was denied on January 10, 2005. Both petitioner and respondent agree that this is the date on which Williams' conviction became "final" and the statute of limitations began to run.

Accordingly, Williams had one year–or until January 10, 2006, in which to file his § 2254 petition in federal district court. *See* 28 U.S.C. § 2244(d)(1)(A). Williams' petition, deemed to have been filed on January 9, 2007, was submitted 364 days after the one-year limitations period expired on January 10, 2006.

AEDPA contains a tolling provision, however, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *accord Smith v. McGinnis*, 208 F.3d at

16. Williams filed several "applications for State post-conviction or other review," and the Court will consider the effect of each of these filings, in turn, on the tolling available under § 2254(d)(2).

**B.    Petitioner's state-court applications for post-conviction or other collateral review do not provide sufficient statutory tolling under 28 U.S.C. § 2244(d)(2).**

**1.    The 2005 *Coram Nobis* Petition**

Williams' first state-court filing came 280 days after the United States Supreme Court denied *certiorari* with regard to his direct appeal, when, on October 17, 2005, Williams filed a *pro se* petition for a writ of error *coram nobis* in the Appellate Division. Williams asserted that his appellate counsel had been constitutionally ineffective. The parties do not dispute that Williams' *coram nobis* motion filed on October 17, 2005, is a "properly filed application" for state-court collateral review within the meaning of 28 U.S.C. § 2244(d)(2).

*Coram nobis* relief was summarily denied by Appellate Division on December 22, 2005. The New York Court of Appeals denied leave to appeal on February 24, 2006. Thus, Williams was entitled to tolling from October 17, 2005, until February 24, 2006, when his *coram nobis* application ceased to be "pending." A "properly filed" application for state review is "pending", for purposes of 28 U.S.C. § 2244(d)(2), until it has achieved final review through the state's post-conviction procedures. *See Carey v. Saffold*, 536 U.S. 214, 220 (2002) ("'Th[e] definition [of pending], applied in the present context, means that an application is pending as long as the ordinary state collateral review process is 'in continuance'– i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'") (quotation omitted); *see also*

*Hizbullahankhamon v. Walker*, 255 F.3d 65, 70-72 (2d Cir. 2001). At that time, the limitations period began running again.

I note that 280 days on the statute of limitations clock had already elapsed before Williams filed this *coram nobis* petition, which was the first application entitling him to tolling under 28 U.S.C. § 2254(d)(2). Because Williams had already used up 280 of the 365 days available to him under the one-year limitations period, Williams only had 85 days left in which to timely file his federal habeas corpus petition in district court, barring further tolling under 28 U.S.C. § 2254(d)(2).

> **2.**     **Petitioner's subsequent motion to vacate and second c*oram nobis* application were filed after the statute of limitations expired.**

As noted above, the clock began running again on February 24, 2006, and ran for 131 days, until July 5, 2006, when Williams filed a collateral motion to vacate the judgment pursuant New York Criminal Procedure Law ("C.P.L.") § 440.10. Williams needed to have filed the C.P.L. § 440.10 motion within 85 days of the denial of his previous state-court application in order for the C.P.L. § 440.10 to result in tolling under Section 2254(d)(2). By July 5, 2006, however, a total of 411 (280 + 131) days had elapsed from the commencement of the one-year period. Thus, the limitations period already had expired by the time he filed his C.P.L. § 440.10 motion, meaning that it did not qualify for 28 U.S.C. § 2254(d)(2)'s tolling provision. A state-court collateral attack on a conviction cannot toll an already expired limitations period. *Smith v. McGinnis*, 208 F.3d at 17 ("We therefore hold that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending *but does not reset the date from which the one-year statute of limitations begins to run*.")

(emphasis supplied). Nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew. *Id.*; *accord*, *e.g.*, *Frawley v. Brown*, No. 07-CV-4580 (BMC), 2007 WL 4264607, *2 (E.D.N.Y. Nov. 30, 2007) ("Petitioner is not entitled to statutory tolling because his post-conviction motion filed on March 30, 2006, does not operate to toll the running of the limitations period, since it was filed after the statute of limitations expired."). Similarly, Williams' second petition for a writ of error *coram nobis*, filed on October 24, 2006,[2] did not serve to resuscitate the already expired limitations period. *Smith*, 208 F.3d at 17.

### 3.      Petitioner does not have sufficient tolling accrued under 28 U.S.C. § 2244(d)(2) to save his petition from being untimely.

To summarize, the AEDPA limitations clock began running on January 10, 2005. Williams therefore had until January 10, 2006, in which to timely file his habeas petition, in the absence of statutory tolling.

Williams' first *coram nobis* petition served to statutorily toll the limitations period under Section 2244(d)(2). However, by October 17, 2005, 280 days had elapsed on the one-year clock. Then, after this *coram nobis* petition ceased to be pending on February 24, 2006, another 131 days passed before Williams filed his second state-court application for Section 2244(d)(2) purposes, on July 5, 2006. By this time, 411 days had run on the limitations clock, meaning that Williams' federal habeas petition was already untimely by the date he filed his C.P.L. § 440.10 motion on July 5, 2006. The second *coram nobis* petition had no effect on tolling, since, as stated above, the limitations period had already expired before it was filed.

---

[2]      The Appellate Division, Fourth Department, summarily denied this *coram nobis* application on December 22, 2006. *People v. Williams*, 35 A.D.3d, 827 N.Y.S.2d 678 (App. Div. 4th Dept. 2006). The New York Court of Appeals denied leave to appeal on March 28, 2007. *People v. Williams*, 8 N.Y.3d 928, 834 N.Y.S.2d 519 (N.Y. 2007).

**B.      Petitioner is not entitled to equitable tolling of the statute of limitations.**

The one-year AEDPA filing limitation is not jurisdictional and, under certain circumstances, may also be equitably tolled. *Acosta v. Artuz*, 221 F.3d 117, 119, 122 (2d Cir. 2000) (citing *Smith v. McGinnis*, 208 F.3d at 17); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417-18 & 418 n.8 (2005) (assuming without deciding that equitable tolling is available under AEDPA). The petitioner bears the burden of demonstrating that (i) "extraordinary circumstances prevented him from filing his petition on time," *Smith*, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll," *id.*  Equitable tolling also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstrating that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

 Petitioner makes the following argument for equitable tolling based on the district attorney's alleged failure to serve him with a copy of the New York Court of Appeals' February 24, 2006 denial of leave of his first *coram nobis* petition. *See* Pet'r Reply at 2-3 (Docket No. 12). Williams states that he "signed proper legal mail form [for the February 24th order] on February 27, 2006, from the courts <u>not</u> the District Attorney's office." *Id.* (emphasis in original). "To this day the petitioner argues that he still <u>has</u> <u>not</u> received a copy of the Court of Appeals [sic] decision from the District Attorney's Office," purportedly in violation of New York Civil

Practice Law and Rules § 5513(b).[3] *Id.* (emphases in original).  "Section 5513, however, does not

govern federal habeas proceedings but affects only the time within which to file a state notice of

appeal." *Wilkins v. Conway*, No. 07 Civ. 6047(GBD)(GWG), 2007 WL 3014732, at *2

(S.D.N.Y. Oct. 17, 2007) (report and recommendation) (citing N. Y. CIV. PRAC. LAW & R. §

5513 and *Thompson v. Smith*, No. 06-CV-1253 (RJD), 2006 WL 1455461, at *2 (E.D.N.Y. May

22, 2006) ("Petitioner does [not][4] argue that he failed to receive notice of the court decisions

affirming his conviction and denying his application for leave to appeal; rather, he argues that he

did not receive the court's order together with a notice of entry. To the extent petitioner argues

that the final disposition lacked a "Notice of Entry" under state law, it is immaterial to the

application of AEDPA limitations period, as such a purported failure does not provide a basis to

equitably toll the limitations period. Even if he had not received notice of the state court's orders,

'[t]he relevant date of final disposition is the date of issuance of a court order, not the date upon

which such order is received by petitioner.'") (quoting *Evans v. Senkowski*, 228 F. Supp.2d 254,

259 (E.D.N.Y. 2002)). Based on the relevant precedent in this Circuit, Williams' argument,

although creative, is unavailing.

    The Second Circuit Court of Appeals has held that only in "'rare and exceptional

circumstances' [may] a petitioner . . . invoke the courts' power to equitably toll the limitations

---

[3]        "The time within which a motion for permission to appeal must be made shall be computed from
the date of service by a party upon the party seeking permission of a copy of the judgment or order to be appealed
from and written notice of its entry, or, where permission has already been denied by order of the court whose
determination is sought to be reviewed, of a copy of such order and written notice of its entry, except that when such
party seeking permission to appeal has served a copy of such judgment or order and written notice of its entry, the
time shall be computed from the date of such service. A motion for permission to appeal must be made within thirty
days." N.Y. CIV. PRAC. LAW & R. 5513(b).

[4]        It is apparent that when this sentence is read in context, there should be a "not" at this point;
otherwise the remainder of the sentence would not make sense.

period." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (quoting *Smith v. McGinnis*, 208 F.3d at17), *cert. denied*,  546 U.S. 961 (2005). Such tolling is available where the petitioner shows that "extraordinary circumstances prevented him from filing his petition on time." *Smith*, 208 F.3d at 17. Additionally, the petitioner must "have acted with reasonable diligence throughout the period he seeks to toll." *Id.*

Under the present circumstances, Williams should not be entitled to the benefit of equitable tolling because he does not even assert that he was not aware that his application for leave to appeal had been denied. *Accord Wilkins*, 2007 WL 3014732, at *2. Rather, Williams concedes that he received a copy of the relevant order denying leave but merely did not receive a copy from the correct party (i.e., district attorney's office). Thus, this is not a case where Williams was unaware that his appeal had been decided and let days go by before filing his next application. Moreover, the requirements of C.P.L.R. § 5513 apply only in the context of state-court appeals, and Williams had no further appellate avenue of review on his *coram nobis* application after the Court of Appeals denied leave to appeal. For all these reasons, I recommend finding that Williams has failed to demonstrate the type of "extraordinary circumstances" required to invoke the equitable tolling doctrine. *See id.* (finding no equitable tolling where petitioner did not even assert that he or his attorneys were unaware of the denial of his application for leave to appeal; rather, he implied that he received a copy of the relevant order denying leave but merely did not receive a copy of the notice of entry) (citing, *inter alia*, *Lewis v. Conway*, No. 07-CV-0037A(B), 2007 WL 2907367, at *1 (W.D.N.Y. Oct. 3, 2007) ("Petitioner's assertion that his application should be considered timely because he was never served a notice of entry by the District Attorney does not reach the level of '[r]are and exceptional

circumstances' contemplated by the Second Circuit." ) (Arcara, Chief J.); *Thompson*, 2006 WL

1455461, at *3 ("Even if the lack of receipt of the notice of entry could be considered an

extraordinary circumstance, petitioner does not show that he acted with 'reasonable diligence'

during the period he wishes to have tolled." )).

## III.    Conclusion

For the reasons set forth above, the Court recommends that the petition for a writ of

habeas corpus (Docket No. 1) filed by petitioner be denied as untimely.  Because the Court

recommends dismissal of the petition as untimely, it accordingly recommends dismissal of

petitioner's motion for a stay (Docket No. 14) as moot. Furthermore, the Court recommends that

no certificate of appealability should issue since petitioner has not made a "substantial showing

of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a

constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d

Cir. 2000).

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: October 31, 2008
        Rochester, New York.

-10-

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.


**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge


Dated: Rochester, New York
      October <u>31</u>, 2008.